WINDHORST, J.
Defendant, Ronald Wallace, appeals his conviction and sentence for purse snatching in violation of La. R.S. 14:65.1. For the following reasons, we affirm defendant's conviction and sentence.
Facts and Procedural History
On October 26, 2016, the Jefferson Parish District Attorney filed a bill of information charging defendant, Ronald Wallace, with second degree robbery in violation of La. R.S. 14:64.4. On April 10, 2017, the District Attorney amended the bill of information and charged defendant with purse snatching in violation of La. R.S. 14:65.1. Defendant pled not guilty. The matter proceeded to a bench trial on May 22, 2017, and the trial court found defendant *571 guilty as charged. On June 26, 2017, the trial court sentenced defendant to twenty years imprisonment.
On June 29, 2017, the State filed a multiple offender bill of information, alleging defendant to be a second felony offender. Defendant stipulated to the multiple offender bill of information on August 24, 2017. The trial court vacated defendant's previous sentence and resentenced defendant as a second felony offender, to twenty years imprisonment, without the benefit of probation or suspension of sentence. La. R.S. 15:529.1. On August 27, 2017, defendant filed a motion for appeal, which the trial court granted.
Defendant's purse snatching conviction was based on the following facts. Linda Crane testified that on the morning of September 23, 2016, as she was leaving Bakers Dozen on Jefferson Highway and opening her car door, a man grabbed her hands, jerked her and took her wallet and her phone. She testified that she "held on for a little bit" and screamed "No," but the man "pulled it [the purse] so hard" and "yanked everything out of my hands." Ms. Crane fell to the ground during this encounter and sustained a broken hip for which she had to have surgery. As part of the investigation, Ms. Crane was later shown a photographic lineup, and she identified defendant as the perpetrator. She stated that she clearly observed her assailant and "positively" identified him because she would "never forget those eyes."
Two Bakers Dozen customers that morning also identified defendant as the person who attacked Ms. Crane. Troy Nunez stated that as he was exiting the bakery, he saw Ms. Crane on the ground, was informed by another person that she had been mugged, and saw the assailant fleeing the parking lot. Mr. Nunez identified defendant in a photographic lineup and at trial as the suspect he saw fleeing the scene. Joshua Mercadal was in his vehicle when he witnessed Ms. Crane getting attacked, and he followed the suspect down the street. Mr. Mercadal identified defendant in a photographic lineup and at trial as the man he saw attack Ms. Crane.
Sergeant Frank Renaudin in the Robbery Section of Jefferson Parish Sheriff's Office's Criminal Investigation Bureau investigated Ms. Crane's robbery and recovered physical evidence, including Ms. Crane's stolen wallet. As part of the investigation, the Sheriff's Office swabbed the wallet for a DNA analysis. Lucy Camarena, a DNA analyst with the Jefferson Parish Sheriff's Office, conducted the DNA analysis in this case. She testified that she obtained reference samples from defendant and Ms. Crane, as well as the forensic sample taken from the wallet. Based on her analysis, Ms. Camarena concluded the DNA profile that came from the wallet swab was consistent with being a mixture of at least two individuals, a major profile and a minor profile. She explained that the major contributor's DNA profile was consistent with defendant's DNA profile. Based on the evidence presented, the trial court found defendant guilty as charged.
Assignment of Error
In his only assignment of error, defendant asserts that his wavier of a jury trial was not knowing and intelligent because the court did not explain to him what the waiver entailed and he did not sign the waiver as required by La. C.Cr.P. art. 780. Defendant asserts that the record does not show he knew that a jury trial would involve a jury of people chosen from the community or that he could participate in jury selection. He contends he may not have waived his right to a jury trial if he had known that the trial judge makes rulings of law, but that the jury decides guilt or innocence, and the jury could not consider *572 his prior convictions. Defendant asserts that because the jury waiver was not knowingly and intelligently made and did not comply with La. C.Cr.P. art. 780, his conviction and sentence should be reversed and the matter remanded for a new trial.
Law and Analysis
La. C.Cr.P. art. 780(A) provides that: "[a] defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge." La. C.Cr.P. art. 780(B) provides that "[t]he waiver shall be by written motion filed in the district court not later than forty-five days prior to the date the case is set for trial. The motion shall be signed by the defendant and shall also be signed by defendant's counsel unless the defendant has waived his right to counsel."
Under well-established Louisiana law, a defendant's waiver of his right to a jury trial must be "knowingly and intelligently" waived. La. C. Cr. P. art. 780(A) ; State v. Howard, 10-869 (La. App. 5 Cir. 5/24/11), 66 So.3d 1160, 1165, writ denied, 11-1468 (La. 4/9/12), 85 So.3d 135. "Waiver of this right is never presumed." Id., citing State v. McCarroll, 337 So.2d 475, 480 (La. 1976) ; State v. Zeringue, 2003-697 (La. App. 5 Cir. 11/25/03), 862 So.2d 186, 193, writ denied, 2003-3523 (La. 4/23/04), 870 So.2d 298. Although it is preferred for the district court to advise a defendant of the right to a jury trial in open court before obtaining a waiver and for the defendant to waive the right to a jury trial personally, these practices are not statutorily required. Id."Counsel may waive the right on the defendant's behalf, provided the defendant's decision to do so was made knowingly and intelligently." Id.
We find that defendant was advised he had the right to a jury trial, and that he knowingly and intelligently waived that right. Defendant stated in open court on the record that he was informed by counsel of his right to a jury trial and that he was aware of what the right to a jury trial entails. He also indicated on the record that he understood the waiver of his right to a jury trial was his decision alone and told the court that he had a meaningful conversation with his counsel about waiving a jury trial. Defendant also indicated that he understood the waiver of a jury trial was irrevocable. Later on the same day, after the State amended defendant's bill of information and defendant was re-arraigned, the trial court asked defendant again if he had spoken with his counsel about the amended charge and the waiver of his right to a jury trial, as well as whether he still wanted to proceed with a judge trial. Defendant answered these questions affirmatively. The trial court then found that defendant was electing to proceed with a judge trial.
In addition to the above, defense counsel filed on defendant's behalf a Notice of Waiver of Trial by Jury. Although defendant did not sign the waiver, defense counsel did sign it. We find that the requirement of a written waiver of a jury trial must be subject to a harmless error analysis on appeal of a conviction. State v. Brundy, 2016-0263 (La. App. 4 Cir. 08/24/16), 198 So.3d 1247. As recognized in Brundy, if this type of error was not subject to a harmless error analysis, the defendant and/or the defendant's counsel could manipulate the system by not signing the written motion for a bench trial, orally move for same, then sit back, and await the trial judge's decision on defendant's guilt. If the decision after trial is unfavorable to the defendant, the defendant could then argue that the conviction is invalid because he never waived his right to trial by jury in writing. The defendant could further argue post-conviction *573 that his counsel was ineffective because counsel never filed the formal written motion. The result would allow defendant to undermine both the prosecution and the court. Indeed, Louisiana courts have found that it would be an "absurd consequence" to read La. C.Cr.P. art. 780(B) in such a way as to require the court to grant a new trial based on a defendant's failure "to reduce to writing what is already known to the court...." Id.
The record reflects that defendant understood the choice confronting him, and that he knowingly, intelligently, and freely made the choice to have his guilt or innocence determined by a judge. While defendant did not sign the waiver form, he indicated in open court that he understood his rights and what he was waiving. The lack of defendant's signature on the Notice of Waiver of Trial by Jury is harmless error. We find no merit to the claim that defendant did not knowingly, intelligently, and freely waive his right to trial by jury. Thus, this assignment of error lacks merit. Defendant's conviction and sentence are affirmed.
Conclusion
For the reasons discussed above, we affirm defendant's conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED